UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK RUDOLPH ESTRADA,<br><br>        Plaintiff,<br><br>    v.<br><br>MATT MARTIN, et al.,<br><br>        Defendants. | No. 2:19–cv–2115–JAM–KJN PS<br><br><u>FINDINGS AND RECOMMENDATIONS TO DISMISS WITH PREJUDICE</u><br><br>(ECF Nos. 18, 21) |

This action concerns a dispute between Plaintiff Frank Rudolph Estrada, who is proceeding without counsel in this action, and defendants Sandra Reese, a Principal at Woodland–Pioneer High School, Student Resource Officer Hannah Gray, and Sheriff Deputies Matt Martin and Erin Forrester.[1] (ECF No. 1.) Estrada asserts claims under 42 U.S.C. § 1983 for alleged violations of his First, Fourth, and Fourteenth Amendment rights. Defendants now move to dismiss on statute-of-limitations grounds, which Estrada opposes. (ECF Nos. 18, 21, 31.)

For the reasons that follow, the Court recommends the motion to dismiss be GRANTED, and Estrada's claims be DISMISSED WITH PREJUDICE.

///

---

[1] This action proceeds before the undersigned per 28 U.S.C. § 636 and Local Rule 302(c)(21).

1

**Background**[2]

In the spring of 2016, Estrada's daughter was suspended by unnamed officials at Pioneer High School, and thereafter was "cited by Hannah Gray, Woodland Police Department Student Resource Officer." (ECF No. 1 at p. 4.) Sometime prior to August 22, 2016, Principal Reese authorized a change of school for Estrada's daughter. (Id.) Additionally, district officials began coordinating with Woodland police officers to investigate Estrada's relationship with his daughter. (Id.) Estrada attempted to withdraw his daughter from the school, but was told to "stay away." (Id. at p. 5.) Estrada filed multiple administrative complaints with the school district against Principal Reese, and with the sheriff's department against the officers. (Id.) On August 22, 2016, Deputy Forrester placed an emergency call, which led to Estrada's arrest. (Id.) Estrada was charged with one count of evading a peace officer and one count of endangering the health of a child. (ECF No. 18–2 at p. 4.) A Superior Court jury found Estrada guilty of both offenses, and Estrada was sentenced to probation. (Id.)

**Legal Standard**

A motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6) challenges the sufficiency of the pleadings set forth in the complaint. Vega v. JPMorgan Chase Bank, N.A., 654 F. Supp. 2d 1104, 1109 (E.D. Cal. 2009). When a court considers whether a complaint states a claim upon which relief may be granted, all well-pled factual allegations must be accepted as true, Erickson v. Pardus, 551 U.S. 89, 94 (2007), and the complaint must be construed in the light most favorable to the non–moving party, Corrie v. Caterpillar, Inc., 503 F.3d 974, 977 (9th Cir. 2007). The court is not, however, required to accept as true "conclusory [factual] allegations that are contradicted by documents referred to in the complaint," or "legal

---

[2] The facts herein are construed in the light most favorable to plaintiff—the non-moving party. Faulkner v. ADT Sec. Servs., 706 F.3d 1017, 1019 (9th Cir. 2013). They derive from the Complaint (ECF No. 1) as well as certain exhibits submitted by defendants. (See ECF No. 18-2). The Court takes judicial notice of specific exhibits under Fed. R. Evid. 201(b). United States v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003) ("A court may [] consider certain material-documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice-without converting the motion to dismiss into a motion for summary judgment."); see also Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n.6 (9th Cir. 2006) (judicial notice of court filings and other matters of public record appropriate).

conclusions merely because they are cast in the form of factual allegations." Paulsen v. CNF Inc., 559 F.3d 1061, 1071 (9th Cir. 2009). Thus, to avoid dismissal for failure to state a claim, a complaint must contain more than "naked assertions," "labels and conclusions," or "a formulaic recitation of the elements of a cause of action." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-57 (2007). Simply, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 570). Plausibility means pleading "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

Pro se pleadings are to be liberally construed. Hebbe v. Pliler, 627 F.3d 338, 342 & fn. 7 (9th Cir. 2010) (liberal construction appropriate even post–Iqbal). Prior to dismissal, the court is to tell the plaintiff of deficiencies in the complaint and give the plaintiff an opportunity to cure them—if it appears at all possible the defects can be corrected. See Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc). However, if amendment would be futile, no leave to amend need be given. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 339 (9th Cir. 1996).

**Parties' Arguments**

Defendants note that, even assuming the truth of all facts alleged in the Complaint, the alleged events took place sometime in the fall of 2016, and Estrada did not file his lawsuit in this court until October of 2019. Thus, defendants maintain Estrada's three claims are barred by the applicable statute of limitations—two years. Defendants also argue that even if the claims are not time-barred, Estrada's Complaint fails to state cognizable claims against any defendant. (ECF Nos. 18–1, 21–1.)

Estrada maintains California civil procedure does not dictate the statute of limitations for claims under 42 U.S.C. § 1983, and that the statute of limitations is six years. Further, Estrada states that "interference(s), delay(s) and occurrence(s) outside of petitioner's control" caused a "chain of events" that prevented him from filing a complaint before October 18, 2019. Estrada also reasserts that the facts of the case, as stated in the complaint, give rise to causes of action under § 1983 for violations of his Fourth and Fourteenth Amendment parental rights. (ECF No. 31.)

**Analysis**

Estrada's Complaint asserts three claims for alleged violations of his First, Fourth, and Fourteenth Amendment rights, brought pursuant to 42 U.S.C. § 1983. (ECF No. 1.) Section 1983 provides that "[e]very person who, under color of [state law] ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

Section 1983 does not contain a specific statute of limitations. "Without a federal limitations period, the federal courts apply the forum state's statute of limitations for personal injury actions, along with the forum state's law regarding tolling, including equitable tolling, except to the extent any of these laws is inconsistent with federal law." Butler v. National Community Renaissance of California, 766 F.3d 1191, 1198 (9th Cir. 2014). The statute of limitations runs from the time the action accrues, which is "when the plaintiff knows or has reason to know of the injury which is the basis of the action." Lukovsky v. City & Cty. of San Francisco, 535 F.3d 1044, 1048 (9th Cir. 2008). In California, the limitations period for tort actions, such as those brought under Section 1983, is two years. Cal. Code Civ. P. § 335.1; Wheeler v. City of Santa Clara, 894 F.3d 1046, 1059 (9th Cir. 2018) (borrowing California's two–year statute of limitations in § 1983 suits); see also Morgan v. Komers, 151 F. App'x 546, 548 (9th Cir. 2005) (affirming application of two-year statute of limitations where the plaintiff alleged substantive due process claims under Section 1983).

Here, the most recent date alleged in Estrada's Complaint is August 22, 2016. (ECF No. 1.) Based on a liberal read of Estrada's description of the events, he had reason to know of these alleged violations of his civil rights on (or before) this date. Estrada did not commence this action until October 18, 2019. (Id.) Thus, Estrada's claims are time-barred.

While leave to amend is normally granted liberally, the Court need not do so when amendment would be futile. Cahill, 80 F.3d at 339. Estrada's asserts that "interference(s), delay(s) and occurrence(s) outside of [his] control" caused a "chain of events" that prevented him from filing earlier. (ECF No. 31.) However, the court notes that Estrada provides no facts to

4

indicate why this is so, and the judicially-noticeable documents indicate plaintiff was given probation for his offense in this case.³ Thus, Estrada's conclusory assertions cannot support a finding that the limitations period should be tolled, and so it would be futile to allow amendment.

**RECOMMENDATIONS**

Accordingly, it is HEREBY RECOMMENDED that:

1. Defendants' motions to dismiss (ECF Nos. 18, 21) be GRANTED;
2. Plaintiff's request for "early subpoena" (ECF No. 34) be DENIED AS MOOT;
3. Plaintiff's claims be DISMISSED WITH PREJUDICE; and
4. The Clerk of the Court be directed to CLOSE this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the court within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated: April 10, 2020

_[signature]_
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

estr.2115

---

³ The Court recognizes that Cal. Civ. Pro. § 352.1 grants a two–year extension of the statute of limitations due to "disability of imprisonment." However, this tolling period is inapplicable based on the facts of this case. See, e.g., Rollin v. Cook, 466 F. App'x 665, 667 (9th Cir. 2012) (Under California law, limitations period for arrestee's illegal search and seizure claim against county officials was not tolled while he was incarcerated after entry of judgment in criminal case against him); Ciria v. Rubino, 394 F. App'x 400, 401 (9th Cir. 2010) (State prisoner knew or had reason to know of his Section 1983 claims . . . during prisoner's murder trial, triggering applicable two-year limitations period under California law).